**Jaswant KAUR; Makhan Singh, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70838.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006.*

Filed Dec. 22, 2006.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG and McKEOWN, Circuit Judges, and MOSKOWITZ,** District Judge.

** The Honorable Barry Ted Moskowitz, United States District Court Judge, Southern District of California, sitting by designation.

MEMORANDUM ***

Petitioners Makhan Singh and Jaswant Kaur, husband and wife, are natives of India. On June 8, 1997, Petitioners entered the United States as non-immigrant visitors for pleasure for a temporary period not to exceed December 7, 1997. Petitioners overstayed their visit and the Immigration and Naturalization Service ("INS") began removal proceedings. Singh (lead petitioner) and Kaur (derivative petitioner) applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioners conceded removability. On August 1, 2002, the IJ issued an oral decision denying Petitioners' applications for asylum, withholding of removal, and CAT relief. Petitioners appealed to the Board of Immigration Appeals ("BIA"), and the BIA streamlined the decision by adopting and affirming the IJ's decision without opinion on January 29, 2004. They now petition for review of the BIA's decision. We deny the petition for lack of jurisdiction.

The exhaustion requirement of 8 U.S.C. § 1252(d)(1) applies to streamlined decisions. *Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004). The BIA's decision on whether to streamline is affected by what issues the petitioner chooses to appeal to the BIA. *Id.* Petitioners failed to raise the issues now on appeal before the BIA. Therefore, Petitioners have failed to exhaust their administrative remedies, depriving this Court of jurisdiction to reach the merits of their claims. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004).

**Petition denied.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.